UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:19-cv-00412

**Eugenia Crawford,**
*Plaintiff,*

v.

**C.R. Bard, Inc. and Bard Peripheral Vascular, Inc.,**
*Defendants.*

Before BARKER, *District Judge*

### ORDER

The court has before it defendants' objection to the magistrate judge's discovery order. Doc. 31. For the reasons stated below, defendants' objection is **overruled**.

**Background**

Plaintiff filed her claims in the transferee court that was then presiding over a multidistrict litigation regarding defendants' manufacture and marketing of allegedly defective inferior vena cava (IVC) filters. Doc. 3 at 1-4. The various actions that had been sent to the transferee court for multidistrict proceedings involved claims for injuries or deaths that allegedly resulted from deficiencies in several different versions of defendants' IVC filter: Recovery, G2, G2X, Eclipse, Meridian, and Denali. *Id.* at 6. Plaintiff's claims arise from her experience with a Denali filter. Doc. 1 at 2.

Fact discovery on common issues ended in February 2017. Doc. 3 at 10. Two years later, the transferee court began remanding cases to their respective transferor courts for case-specific discovery and trial. *See id.* at 33. Plaintiff's case was transferred to this court under 28 U.S.C. § 1404(a) for the same purpose. *Id.*; Doc. 5. The transfer order contains the following statement:

> Because all general fact and expert discovery has been completed in this MDL, the courts receiving these cases need not be concerned with facilitating general expert, corporate, and third-party discovery. This observation is not meant to restrict the power of transferor courts for good cause or in the interest of justice to address issues that may be unique and relevant in remanded or transferred cases.

*Id.* at 31-32. For purposes of this order, this court is treated like a transferor court.[1]

After the transfer to this court, plaintiff's case was referred to United States Magistrate Judge John D. Love. Doc. 11. Judge Love issued a discovery order that, among other things, permits plaintiff to serve "narrowly-tailored requests for production as to the Denali clinical trial that extended after the general discovery in the MDL concluded." Doc. 23 ¶ 1(b)(ii). Defendants object to this provision of the discovery order. Doc. 31 at 3.

**Analysis**

The court asks whether the magistrate judge's nondispositive order "is clearly erroneous or contrary to law." *Moore v. Ford Motor Co.*, 755 F.3d 802, 806 (5th Cir. 2014) (cleaned up) (citing Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A)). Under that standard, factual determinations are reviewed for clear error, and legal conclusions are reviewed de novo. *Id.*

---

[1] This court is technically not a transferor court because plaintiff's case was filed directly in the multidistrict transferee court after consolidated proceedings began and was later transferred to this court under 28 U.S.C. § 1404(a) when consolidated proceedings ended. *See* Doc. 3 at 2-3, 33. Nonetheless, in determining the extent to which this court's powers are limited by orders of the multidistrict transferee court, this court is treated like a transferor court. *See In re Ford Motor Co.*, 591 F.3d 406, 411 (5th Cir. 2009) (treating the post-remand relation between MDL transferor judge and MDL transferee judge as one specie in the genus of relations between successor judge and first judge for purposes of the law of the case doctrine).

Discretionary decisions are reviewed for abuse of discretion. *Orthoflex, Inc. v. ThermoTek, Inc.*, 990 F. Supp. 2d 675, 683 (N.D. Tex. 2013); *Kresefsky v. Panasonic Commc'ns & Sys. Co.*, 169 F.R.D. 54, 64 (D.N.J. 1996); *Quantlab Grp., LP v. Dempster*, No. CV H-18-2171, 2019 WL 7037653, at *1 (S.D. Tex. Dec. 20, 2019).

Reopening discovery is a discretionary decision. *Watt v. All Clear Bus. Sols., LLC*, 840 F. Supp. 2d 324, 326 (D.D.C. 2012). *See also Martin's Herend Imports, Inc. v. Diamond & Gem Trading United States of Am. Co.*, 195 F.3d 765, 775 (5th Cir. 1999). Because discovery-completion deadlines are set in scheduling orders, an order to reopen discovery is an order to modify the scheduling order, which may be done for good cause. *Id.* (citing Fed. R. Civ. P. 16(b)(4)).[2] To determine whether there is good cause to reopen discovery, courts consider four factors: "(1) the explanation for the failure to adhere to the deadline at issue; (2) the importance of the proposed modification to the scheduling order; (3) potential prejudice; and (4) the availability of a continuance to cure such prejudice." *Hernandez v. Mario's Auto Sales, Inc.*, 617 F. Supp. 2d 488, 493 (S.D. Tex. 2009) (citing *Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990)); *Zilberman v. Caroffer, LLC*, No. 4:15-CV-589, 2016 WL 3060081, at *2 (E.D. Tex. May 31, 2016); *Sw. Refrigerated Warehousing Servs. Joint Venture v. M.A. & Sons, Inc.*, No. EP-16-CV-00421-DCG, 2017 WL 8777393, at *3 (W.D. Tex. Sept. 21, 2017); *Warner v. Lear Corp.*, No. 3:15-CV-1878-D, 2017 WL 930829, at *3 (N.D. Tex. Mar. 9, 2017); *Cedar Lodge Plantation LLC v. CSHV Fairway View I, LLC*, No. CV 13-00129-BAJ-EWD, 2020 WL 522137, at *2 (M.D. La. Jan. 31, 2020). This determination is reviewed for abuse of discretion. *See Squyres v. Heico*

---

[2] Other transferor judges who have considered motions to reopen general discovery after the conclusion of multidistrict proceedings in this litigation have analyzed the issue under the good-cause standard. *E.g., Campos-Eibeck v. C.R. Bard Inc.*, No. 19-CV-2026-W BLM, 2020 WL 835305, at *3 (S.D. Cal. Feb. 20, 2020); *Stromquist v. C. R. Bard, Inc.*, No. 4:19-cv-02536-JAR (E.D. Mo. Dec. 20, 2019).

*Cos., LLC*, 782 F.3d 224, 237 (5th Cir. 2015) (good-cause determination under Fed. R. Civ. P. 16(b)(4)); *In re Complaint of C.F. Bean L.L.C.*, 841 F.3d 365, 375 (5th Cir. 2016) (decision on motion to reopen discovery).

The magistrate judge did not abuse his discretion in permitting narrowly tailored discovery into a Denali clinical trial that continued after general discovery ended. On the first good-cause factor, defendants provide no argument against the view that the clinical trial's continuation beyond the end of general discovery is a satisfactory explanation for plaintiff's failure to obtain the desired discovery before the deadline. Defendants never argue that plaintiff acted without diligence in failing to raise this issue earlier.

Defendants raise two considerations relating to the second good-cause factor—the importance of reopening discovery. First, defendants assert that the desired information is irrelevant because the clinical trial occurred long after plaintiff's Denali filter was implanted. *See* Doc. 31 at 3. That conclusion does not necessarily follow. A clinical trial involving Denali filters with the same design as the one in this case, or that were manufactured under similar conditions, might generate information that is relevant to whether the filter in this case was defective in design or manufacture. Second, defendants note that they provided plaintiff with adverse-event and complaint data for the Denali filter in May 2019. Doc. 31 at 3. But such data is not a substitute for any knowledge gained from a clinical trial.

Defendants present no argument bearing on the third and fourth good-cause factors: potential prejudice and the possibility of curing any prejudice with a continuance. Defendants note that they already produced material during general discovery. Doc. 31 at 1. But that does not mean that additional discovery would be unduly prejudicial.

Defendants claim that the "overwhelming majority" of transferor courts in this multidistrict litigation have "refused

to reopen general fact discovery." Doc. 31 at 2. But the "essence of the exercise of discretion" lies in ruling one way even though another judge "would approach a similar issue differently." *Resolution Tr. Corp. v. Sands*, 151 F.R.D. 616, 619 (N.D. Tex. 1993). Moreover, in *Stromquist v. C.R. Bard, Inc.*, a case that had been part of the same multidistrict litigation as this one, the transferor court found good cause to "allow plaintiff to conduct some limited discovery of new information regarding the Denali filter." No. 4:19-cv-02536-JAR, at 1 (E.D. Mo. Dec. 20, 2019). *See also Robinson v. C. R. Bard, Inc.*, No. 1:19-CV-224 RLW, 2020 WL 888300 (E.D. Mo. Feb. 24, 2020) (reopening general discovery for limited purposes). The limited discovery that was authorized in *Stromquist* is comparable to what the magistrate judge allowed here: "narrowly-tailored requests for production as to the Denali clinical trial that extended after the general discovery in the MDL concluded." Doc. 23 ¶ 1(b)(ii). In *Stromquist*, the court declined to reopen general discovery only because it found that the specific discovery plaintiff proposed "does not pertain specifically to the Denali filter." No. 4:19-cv-02536-JAR, at 2. Here, defendants do not claim that the discovery authorized is similarly broad. And, as the magistrate judge indicated, defendants may object to plaintiff's requests for production where appropriate. *See* Doc. 23 ¶ 1(b).

Defendants also argue that the magistrate judge's discovery order violates the law-of-the-case doctrine. This doctrine is a collection of principles that serve to effectuate the following public policy: "when an issue is once litigated and decided, that should be the end of the matter." *Gene & Gene, LLC v. BioPay, LLC*, 624 F.3d 698, 702 (5th Cir. 2010) (quoting *United States v. U.S. Smelting Refining & Mining Co.*, 339 U.S. 186, 198 (1950)). These principles guide a court's decision on whether to "reopen issues decided in earlier stages of the same litigation." *Agostini v. Felton*, 521 U.S. 203, 236 (1997). In a multidistrict litigation, when a case is sent from the transferee court to the transferor court from which it came, the transferor court

uses law-of-the-case doctrine when considering whether it should "revisit" an earlier decision by the transferee court. *In re Ford Motor Co.*, 591 F.3d 406, 411 (5th Cir. 2009).

Defendants argue that the magistrate judge's discovery order violates the law-of-the-case doctrine because it permits discovery that the transfer order forbids. Doc. 31 at 2. Specifically, defendants contend that, by allowing plaintiff to serve requests for production regarding a clinical trial that continued after general discovery ended, the discovery order "disregards" the following language in the transfer order:

> Because all general fact and expert discovery has been completed in this MDL, the courts receiving these cases need not be concerned with facilitating general expert, corporate, and third-party discovery. This observation is not meant to restrict the power of transferor courts for good cause or in the interest of justice to address issues that may be unique and relevant in remanded or transferred cases.

*Id.* (citing Doc. 3 at 31-32). Defendants interpret this language as a "mandate" that general discovery may not be reopened except to explore issues that are unique to individual remanded or transferred cases. *Id.* at 2 & n.3.

The court does not read the transferee court's observation regarding the necessity of more discovery as a mandate forbidding more discovery even if the parties show good cause. The quoted passage comes toward the end of a "summary of the MDL proceedings" that was included to "assist courts on remand . . . and courts receiving transfers under § 1404(a)." *Id.* at 6. This context suggests that the quoted passage is exactly what the transferee court said it was: an observation. This reading of the passage conforms with the conclusions of other judges who have interpreted it. *See Campos-Eibeck v. C.R. Bard Inc.*, No. 19-CV-2026-W BLM, 2020 WL 835305, at *3 (S.D. Cal. Feb. 20, 2020) ("Judge Campbell's remand order does not restrict the Court's ability to permit additional general

discovery for good cause"); *Robinson v. C. R. Bard, Inc.*, No. 1:19-CV-224 RLW, 2020 WL 888300, at *2 (E.D. Mo. Feb. 24, 2020) ("these pronouncements do not amount to . . . a mandate against reopening general discovery") (cleaned up); *Stromquist*, No. 4:19-CV-02536 JAR; *but see Todd v. C. R. Bard, Inc.*, No. 1:19-cv-01226-DAD-BAM, 2019 U.S. Dist. LEXIS 211927, at *6 (E.D. Cal. Dec. 9, 2019).

This observation from the transferee court does not preclude successor courts from reopening general discovery for good cause under law-of-the-case doctrine. That doctrine is limited in scope: it "comes into play only with respect to issues previously determined." *Quern v. Jordan*, 440 U.S. 332, 347 n.18 (1979). It does not cover issues that "may have been decided but were not." *USPPS, Ltd. v. Avery Dennison Corp.*, 647 F.3d 274, 282–83 (5th Cir. 2011) (cleaned up). It does cover issues that were previously determined by "necessary implication," but an issue whose resolution is "unnecessary to a decision cannot be read into it by implication." *Bigford v. Taylor*, 896 F.2d 972, 975 (5th Cir. 1990) (quotations omitted).

Whether to reopen discovery for good cause is not a previously determined issue just because a judge previously allowed discovery to close and indicated that it would stay closed. Closing discovery is one thing, reopening discovery for good cause is another. In *Beale v. District of Columbia*, the magistrate judge set a discovery completion deadline and extended that deadline several times. 545 F. Supp. 2d 8, 12, 15 (D.D.C. 2008). The last time he extended the deadline, he issued the following warning: "There will be no further extensions of discovery." *Id.* at 15. Then, after the discovery completion deadline finally passed, defendants informed the court that they experienced a tumultuous change of counsel shortly before the deadline, and the magistrate judge reopened discovery for two months to accommodate them. *Id.* at 12-13. In reviewing the magistrate judge's decision, the district court found that the law-of-the-case doctrine did not

apply because the magistrate judge "had not already issued a decision on these specific facts and legal questions." *Id.* at 16.

*Beale* is instructive here. Like the magistrate judge in *Beale*, the transferee court in this case set a discovery completion deadline and allowed it to pass. In *Beale*, the magistrate judge warned the parties that the discovery deadline would not be extended again. Here, the transferee court made an "observation" that, "[b]ecause all general . . . discovery has been completed . . . courts receiving these cases need not be concerned with facilitating general . . . discovery." Doc. 3 at 31-32. In *Beale*, the magistrate judge did not know that defendants would lose their lawyers right before the discovery deadline. Here, defendants never argue that, at the time the transferee court made its observation, it knew about the clinical trial. Therefore, the issue of whether general discovery should be reopened for good cause has not been previously determined, so the law-of-the-case doctrine does not apply.

**Conclusion**

For the reasons stated above, defendants' objection to the magistrate judge's discovery order (Doc. 31) is **overruled**. Defendants' motion to modify the discovery order (Doc. 31) is **denied**.

*So ordered by the court on May 13, 2020.*

J. CAMPBELL BARKER
United States District Judge